(92 Misc. Rep. 674)

### In re BROOKLYN TRUST CO.

(Surrogate's Court, Kings County. December, 1915.)

1. TRUSTS ☜274—TESTAMENTARY TRUST—INCOME—EXPENSES—LIFE BENEFICIARY.

    Where a testamentary trust provides that the life beneficiary shall have the net income, he is entitled to the income, less any proper administration expenses of carrying the assets of the trust.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 389–392, 493; Dec. Dig. ☜274.]

2. TRUSTS ☜274—TESTAMENTARY TRUST—INCOME—EXPENSES.

    Where property bequeathed in trust, with directions that the "net income" be paid to the life beneficiary, included a mortgage covering property which the trustees afterwards properly took in merger of the mortgage, money properly expended by the trustees for the maintenance and preservation of such property was chargeable against the income.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 389–392, 493; Dec. Dig. ☜274.]

In the matter of the petition of the Brooklyn Trust Company to render and settle its intermediate account as trustee under the will of Anna K. Weaver, deceased. Account approved.

Cullen & Dykman, of Brooklyn (Francis L. Archer, of Brooklyn, of counsel), for accountant.

David Joyce, of Brooklyn, for life tenant.

KETCHAM, S. [1, 2] The life tenant under the trust which is the subject of this accounting objects that certain expenses have been improperly charged to the income instead of the principal. The rule is that the just and proper expenses of carrying any of the assets of the trust, if incurred in a just and proper administration, must be borne by the income.

Where the trust is that the life beneficiary shall have the net income, all that the will assures to him is the income, less all the necessary expenses of mere maintenance. He then receives all which the will gives. His only misfortune is that the testator did not put into the trust in his behalf more or other property. Unless it be found in the will, there can be no departure from this rule. Says Mr. Justice Dowling, in Spencer v. Spencer, 169 App. Div. 54, 154 N. Y. Supp. 527:

    "It is a settled rule that annual taxes and carrying charges must be borne by the person having a life interest in the property, unless there is an unmistakable direction to the contrary in the instrument creating the various estates therein. Pinckney v. Pinckney, 1 Bradf. Sur. 269; Booth v. Ammerman, 4 Bradf. Sur. 129; Matter of Albertson, 113 N. Y. 434 [21 N. E. 117]; Woodward v. James, 115 N. Y. 346 [22 N. E. 150]; Chamberlin v. Gleason, 163 N. Y. 214 [57 N. E. 487]; Matter of Tracy, 179 N. Y. 501 [72 N. E. 519]. It is to be noted that the income which is to be paid over to the testator's widow is 'the net annual income.' There is nothing in this will from which can be spelled out any intention upon the part of the testator that the carrying charges upon this property should be paid out of the principal of his estate or

---

that it should not be deducted from the income. To insert such a provision in the testator's will would, it seems to me, be making a will for him, and would not be construing the will which is actually made."

In its application to the case at bar, not only are the words quoted controlling, but the dissenting opinion in the case cited concedes and enforces the same proposition, for the sole endeavor of the dissent is not to deny that the income must bear the burden of such expenses unless exonerated by the will, but solely to show that there were in the will in question provisions which required that the principal should stand the expenses there involved.

In Lawrence v. Littlefield, 215 N. Y. 561, 109 N. E. 611, there is neither ruling nor reasoning in favor of the claim of the life tenant in the case at bar. There the trust contained, besides personalty, large holdings of unproductive real estate, as to which, under an imperative power of sale, there was an equitable conversion from the moment of death. The lands were sold after "a considerable delay." No question arose as to the assessment of expenses of any kind upon either the income or the principal. It was only held, in accordance with the action, that the land was converted into personalty upon the testatrix's death, and that the life tenant should have from the proceeds of the delayed sale "a sum as income during the period when he would have actually received income if the assumed intentions of the testatrix had prevailed."

The testatrix, under whose will this account is made, owned a mortgage. The will devised the residue, which included this mortgage, in trust "to pay over the net income arising therefrom" to this objectant during his life. Without fault, and therefore wisely, the trustees took the mortgaged premises in merger of the mortgage. Still without criticism, and therefore wisely, the trustees paid the expenses which are the subject of objection. None of these were for additions or betterments, but were concededly for maintenance and preservation only. The trustees then, without criticism and wisely, took to themselves, in place of the property, moneys paid upon a loss by fire of buildings thereon, and further moneys received upon sale.

There was income from the assets of the trust other than the mortgage and lands already described, which income was more than the payments on account of the lands. There is nothing in the will as to the fund against which these payments should be charged, except the direction that the objectant shall receive the net income. The account is approved.

Decreed accordingly.